KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
GAP INTERNATIONAL SALES, INC., THE GAP, INC.,
BANANA REPUBLIC, LLC, and OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GABANA GULF DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom, and GABANA DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>GAP INTERNATIONAL SALES, INC., a Delaware corporation, THE GAP, INC., a Delaware corporation, BANANA REPUBLIC, LLC, a Delaware limited liability company, and OLD NAVY, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. C 06 2584 CRB<br><br>[PROPOSED] PROTECTIVE ORDER<br><br><br>Date Comp. Filed: April 14, 2006<br><br>Trial Date: December 3, 2007 |

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to this litigation which relate to the parties' financial information, competitive information, personnel information or other kinds of commercially sensitive information which the party making the production deems confidential; and

WHEREAS, it has been agreed by and among the parties through their respective counsel, that, to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court; and

WHEREAS, the court has reviewed the terms and conditions of this Protective Order submitted by the parties,

IT IS HEREBY ORDERED THAT:

1.    This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this litigation whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this proceeding (the "supplying party") to any other party (the "receiving party"), when same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives officers and employees and others as set forth in this Protective Order.

2.    Any supplying party shall have the right to identify and designate as "Confidential" or "Highly Confidential" any document or other materials it produces or provides (whether pursuant to court order, notice or subpoena or by agreement), or any testimony given in this litigation, which testimony or discovery material is believed in good faith by that supplying party to constitute, reflect or disclose its confidential and proprietary information, as those terms are understood under Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Designated Material").

3.    "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the supplying party, whether it

1  is a document, information contained in a document, information revealed during a deposition or
2  other testimony, information revealed in an interrogatory answer or information otherwise
3  revealed. In designating material as "Confidential," the supplying party will make such
4  designation only as to that material that it in good faith believes to be entitled to confidential
5  treatment.
6    4.   Specific documents and interrogatory answers produced by a supplying party
7  shall, if appropriate, be designated as "Confidential" by marking the first page of the document
8  and each subsequent page thereof containing Confidential Information with the legend:

**CONFIDENTIAL**

10    5.   Information disclosed at a deposition taken in connection with this proceeding
11  may be designated as "Confidential" as follows:
12    (a)   A supplying party (or its counsel) may designate testimony, given by it or
13  its present or former employee(s), officer(s), director(s), partner(s), representative(s), or
14  any expert(s), as "Confidential" on the record during the taking of the deposition, in
15  which case the stenographic employee or court reporter recording or transcribing such
16  testimony shall be directed to bind any transcript page(s) containing Confidential
17  Information separately and apart from any transcript page(s) containing no such
18  Confidential information; or
19
20    (b)   A supplying party (or its counsel) may notify all other parties in writing,
21  within twenty (20) calendar days of receipt of the transcript of a deposition, given by it or
22  its present or former employee(s), its officer(s), director(s), partner(s), representative(s),
23  or any expert(s), of specific pages and lines of the transcript which are designated as
24  "Confidential," whereupon each party shall attach a copy of such written designation to
25  the face of the transcript and each copy thereof in that party's possession, custody or
26  control. To facilitate the designation of Confidential Information, all transcripts of
27
28  depositions shall be treated, in their entirety, as Confidential Information for a period of

2
[PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-2584 CRB

381665.01

twenty (20) calendar days following delivery by the court reporter of certified transcripts to all parties.

6. All "Confidential Information" produced or exchanged in the course of this litigation shall be held in confidence by each person to whom it is disclosed, and that person shall use the "Confidential Information" for the purposes of this litigation only.

7. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, "Confidential Information" shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b) employees of such counsel;

    (c) individual parties, and any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation. Each individual receiving "Confidential Information" shall execute a copy of the Certification annexed to this Order which shall be retained by counsel to the party so disclosing the "Confidential Information."

    (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that the disclosure of "Confidential Information" shall be proceeded by the signing of the Certification annexed to this Order as Exhibit A and which shall be retained by counsel to the party so disclosing the "Confidential Information" and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court before being shown or given any "Confidential Information";

    (e) any authors or recipients of the "Confidential Information";

    (f) the Court, Court personnel, and court reporters; and

    (g) witnesses (other than persons described in paragraph 7(e)). A witness shall sign the Certification before being shown a confidential document. "Confidential Information" may be disclosed to a witness who will not sign the Certification only in a deposition at which the

3
[PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-2584 CRB

party who designated the "Confidential Information" is represented or has been given notice that "Confidential Information" produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the "Confidential Information" shall be designated "Confidential" pursuant to paragraph 5 above. Witnesses shown "Confidential Information" shall not be allowed to retain copies.

8. It is possible that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 7 above, may compromise and/or jeopardize the supplying party's business interests ("Highly-Confidential Information") such that the supplying party may deem such Highly-Confidential Information to require greater limitations on disclosure than are set forth in paragraph 7 above. Either party may designate as "Highly Confidential" the following information: (i) strategic planning documents concerning the supplying party's international business; (ii) agreements with third parties in which the supplying party is bound by a nondisclosure or other similar confidentiality agreement, including any documents related to such agreements; (iii) non-public financial documents related to sales and performance; and (iv) board minutes. The supplying party may designate Highly-Confidential Information by marking the first page of the document or interrogatory answer and each subsequent page thereof containing Highly-Confidential Information with the legend:

<u>HIGHLY CONFIDENTIAL</u>

9. If either party believes that information not falling within the four categories set forth above in paragraph 8 nevertheless constitutes Highly Confidential Information, it shall provisionally produce the information to the opposing counsel. If the opposing counsel agrees that the information is highly confidential, the supplying party may produce copies of the document or documents designated as such. If, after conferring with the supplying party in good faith, opposing counsel disagrees that the information is highly confidential, the supplying party may seek relief from the Court in the form of a motion for protective order as to the information in question to be filed within ten days of receiving notice from the opposing counsel that it

1  would not agree to the highly confidential designation. If no such relief is sought within ten
2  days, the information shall be treated as "Confidential" as provided herein. Between the time of
3  filing and the time of disposition of any such motion, the information shall be treated as Highly
4  Confidential Information.
5      10.    All the provisions set forth above applicable to Confidential Information shall
6  apply equally to Highly-Confidential Information, except that disclosure of Highly-Confidential
7  Information by the receiving party shall be limited to the following persons:
8      (a)    outside counsel for the respective parties to this litigation;
9      (b)    employees of such outside counsel;
10     (c)    consultants or expert witnesses retained for the prosecution or defense of this
11 litigation, provided that the disclosure of "Highly-Confidential Information" shall be proceeded
12 by the signing of the Certification annexed to this Order as Exhibit A and shall occur only after
13 disclosure by email or facsimile to the opposing party the identity of such person two (2)
14 business days in advance to afford such opposing party the opportunity to seek relief if it
15 believes any to be appropriate; if such party objects within such time frame, it shall, within five
16 (5) calendar days seek such relief, pending which no disclosure shall occur;
17     (d)    any authors or recipients of the "Highly-Confidential Information"; and
18     (e)    the Court, Court personnel, and court reporters.
19     11.    For applications and motions to the Court on which a party submits
20 "Confidential" or "Highly Confidential" Information, all documents and chamber copies
21 containing "Confidential" or "Highly Confidential" Information which are submitted to the
22 Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers.
23 On the outside of the envelopes, a copy of the first page of the document shall be attached. If
24 "Confidential" or "Highly Confidential" Information is included in the first page attached to the
25 outside of the envelopes, it may be deleted from the outside copy. The word
26 "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the
27 following form shall also be printed on the envelope:
28

> This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

12. A party may designate as "Confidential" or "Highly Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential or Highly Confidential although a document may lose its confidential status if it is made public.

13. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking to uphold or to support any confidentiality designation that is challenged shall have the burden of establishing that the document or material is entitled to protection.

14. Notwithstanding any challenge to the designation of material as "Confidential" or "Highly Confidential" Information, all documents designated as such shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

   (a) the party or non-party who claims that the material is "Confidential" or "Highly Confidential" Information withdraws such designation in writing; or

   (b) the party or non-party who claims that the material is "Confidential" or "Highly Confidential" Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

   (c) the Court rules the material is not "Confidential" or "Highly Confidential" Information.

15. All provisions of this Order restricting the communication or use of

1  "Confidential" or "Highly Confidential" Information shall continue to be binding after the
2  conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation,
3  a party in the possession of "Confidential" or "Highly Confidential" Information, other than that
4  which is contained in pleadings, correspondence, and deposition transcripts, shall either (a)
5  return such documents no later than thirty (30) days after conclusion of this action to counsel for
6  the party or non-party who provided such information, or (b) destroy such documents within the
7  time period upon consent of the party who provided the information and certify in writing within
8  thirty (30) days that the documents have been destroyed.
9      16.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the
10  use of documents at trial.
11      17.    Nothing herein shall be deemed to waive any applicable privilege or work product
12  protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material
13  protected by privilege or work product protection.

18. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Respectfully submitted,

Dated: November 14, 2006

KEKER & VAN NEST, LLP

By: /s/
ROSE DARLING (No. 243893)
Attorneys for Defendants
GAP INTERNATIONAL SALES, INC., THE GAP, INC., BANANA REPUBLIC, LLC, and OLD NAVY, LLC

Dated: November 9, 2006

/s/ Robert T. Cruzen
ROBERT T. CRUZEN (No. 203658)
Email: mglick@howardrice.com
ROBERT T. CRUZEN (No. 203658)
Email: rcruzen@howardrice.com
SHAUDY DANAYE-ELMI (No. 242083)
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:   415/434-1600
Facsimile:   415/217-5910

/s/
HAL K. LITCHFORD (*pro hac vice*)
G. STEVEN FENDER (*pro hac vice*)
LITCHFORD & CHRISTOPHER
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida  32802-1549
Telephone:   407/422-6600
Facsimile:   407/841-0325
Attorneys for Plaintiffs
GABANA GULF DISTRIBUTION, LTD., and
GABANA DISTRIBUTION, LTD.

      Provided that all requests to file materials under seal comply with Local Rule 79-5.  CRB

THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.

Dated:
    November 28, 2006

_____
Charles R. Breyer
United States District Judge

*[Stamp: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Charles R. Breyer]*

## EXHIBIT A

## CERTIFICATION

I hereby acknowledge that on _____ I read the Protective Order filed in the above-captioned action, and that I understand the terms thereof and agree to be bound thereby. I further agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any violation of the Protective Order.

_____
Name (typed or printed)

_____

_____
Address

_____
Signature

W03 I:\Gabana\Final Protective Order.DOC

1
[PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-2584 CRB

381665.01