KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
GAP INTERNATIONAL SALES, INC., a Delaware corporation,
THE GAP, INC., a Delaware corporation, BANANA REPUBLIC,
LLC, a Delaware limited liability company, and OLD NAVY,
LLC, a Delaware limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GABANA GULF DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom, and GABANA DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>GAP INTERNATIONAL SALES, INC., a Delaware corporation, THE GAP, INC., a Delaware corporation, BANANA REPUBLIC, LLC, a Delaware limited liability company, and OLD NAVY, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. C 06-2584 CRB<br><br>**STIPULATION AND [PROPOSED] ORDER RE DEPOSITIONS** |

**STIPULATION**

WHEREAS, many of the witnesses that the parties have identified as potentially having relevant knowledge in this case reside in countries where it is time consuming, expensive, or even impossible to secure a deposition, and the parties wish to avoid unnecessary expense and effort in deposing such witnesses but at the same time wish to ensure their ability to depose any witness who will appear at trial or provide a declaration (e.g. on motion for summary judgment),

THEREFORE, Plaintiffs Gabana Gulf Distribution Ltd. and Gabana Distribution, Ltd. ("Gabana") and Defendants Gap International Sales, Inc., The Gap, Inc., Banana Republic, LLC, and Old Navy, LLC ("Gap"), by and through their counsel of record, stipulate and agree as follows:

1. As soon as practicable, on a rolling basis, and to be provided on or before June 30, 2007, the parties will disclose the percipient witnesses whose testimony they intend to, or wish to preserve their right to, present at trial or in connection with any motion. The disclosing party will make such witnesses available for deposition within the discovery period, according to a schedule on which the parties will meet and confer in good faith, but such meet and confer must be resolved within 14 days of the first attempt to schedule any deposition.

2. The parties must make their best, good-faith efforts to timely disclose witnesses and make them available for deposition according to paragraph 1. If, despite such efforts, a party decides after June 30, 2007 that it will want to, or wishes to preserve the right to, present testimony from a witness whom the party has not yet made available for deposition, the party must make that witness available for deposition as soon as practicable—if necessary, after the discovery period has ended, and in any event at least two weeks before commencement of trial. Trial testimony will not be admitted from witnesses who were not made available for deposition.

3. A party that files a declaration in connection with, for example, a motion for summary judgment or opposition thereto must make the declarant available for deposition within a week following service of their declaration on a mutually agreeable date, provided the declarant was not previously deposed. Declarations from witnesses not made available for deposition will not be considered.

4. All witnesses will be made available for deposition in a location acceptable to the witness. If any party objects to the proposed location for the deposition, the parties agree that said objecting party may file a motion with the Court—if necessary, on a shortened briefing schedule—for resolution of that dispute.

5. If a party, despite its best efforts, is unable to secure the presence at deposition of a witness it identified and for whom a deposition was scheduled because the witness does not appear as promised, that party may attempt to reschedule the deposition, but in that event, that party will be liable for the other parties' reasonable attorneys' fees and costs incurred in connection with the cancelled deposition. Any rescheduled deposition must occur at least two weeks before the commencement of trial. Alternatively, the party may agree not to call the witness who failed to appear for deposition at trial, and to withdraw any declarations from that witness, in which case the party will not be liable for attorneys' fees or costs incurred by the other parties in connection with the cancelled deposition.

Dated: March 1, 2007                         KEKER & VAN NEST, LLP

                                             By:     /s/ Dan Jackson
                                                 DAN JACKSON
                                                 Attorneys for Defendants
                                                 GAP INTERNATIONAL SALES, INC.,
                                                 THE GAP, INC., BANANA REPUBLIC,
                                                 LLC, and OLD NAVY, LLC

Dated: March 1, 2007                         HOWARD RICE NEMEROVSKI
                                             CANADY FALK & RABKIN

                                             By:     /s/ Martin F. Glick
                                                 MARTIN F. GLICK
                                                 Attorneys for Plaintiffs
                                                 GABANA GULF DISTRIBUTION, LTD.,
                                                 and GABANA DISTRIBUTION, LTD.

1 **ORDER**

2     PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4 Dated:  March 2, 2007



_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE