KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
CHRISTA M. ANDERSON - #184325
DAN JACKSON - #216091
ROSE DARLING - #243893
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
GAP INTERNATIONAL SALES, INC., THE GAP, INC.,
BANANA REPUBLIC, LLC, and OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GABANA GULF DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom, and GABANA DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>GAP INTERNATIONAL SALES, INC., a Delaware corporation, THE GAP, INC., a Delaware corporation, BANANA REPUBLIC, LLC, a Delaware limited liability company, and OLD NAVY, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. C 06 2584 CRB (EDL)<br><br>[~~JOINT PROPOSED~~] ORDER REGARDING DEFENDANTS' MOTION FOR AN ORDER UPHOLDING THEIR CONFIDENTIALITY DESIGNATIONS UNDER THE PROTECTIVE ORDER<br><br>Date:         June 26, 2007<br>Time:         9:00 a.m.<br>Place:         Courtroom E, 15th Floor<br>Judge:         Hon. Elizabeth D. Laporte<br><br>Date Comp. Filed:     April 14, 2006<br><br>Trial Date: December 3, 2007 |

[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION FOR AN ORDER UPHOLDING THEIR CONFIDENTIALITY DESIGNATIONS UNDER THE PROTECTIVE ORDER
CASE NO. C 06-2584 CRB (EDL)

398282.01

Defendants Gap International Sales, Inc., The Gap, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively "Gap") brought a motion for an order upholding their confidentiality designations under the parties' stipulated protective order, which came on for hearing on June 26, 2007.  The motion is GRANTED IN PART and DENIED IN PART, subject to the following provisions and the Court's statements on the record during the hearing.  In particular, at the hearing, the Court ordered the parties to meet and confer and develop a protocol for resolving their dispute relating to whether Gap's confidentiality designations are proper, subject to certain guidelines set by the Court during the hearing.

The guiding principles ordered by the Court in relation to confidentiality designations are as follows:

1.  Stale information shall not be designated confidential;

2.  Photographs of public places are not confidential unless they reflect non-stale proprietary or trade secret information;

3.  Compilations of purely public information are not confidential; and

4.  Gap may apply confidentiality designations at the document level, unless Gabana identifies a particular need to have a portion(s) of a document de-designated.

The parties have agreed that the protocol for conducting the meeting and conferring relating to those documents designated by Gap as highly confidential or confidential and which were the subject of this motion is as follows:

1. Gabana will first identify to Gap by letter the highly confidential documents as to which Gabana challenges the highly confidential designation.  Within ten days of receipt of the letter, the parties will schedule an in-person meeting to attempt to resolve informally the dispute with respect to these documents.  If there are any remaining disagreements following said meeting, the parties will agree on a briefing schedule to raise these remaining issues with the Court.

2. Following completion of the above process with respect to highly confidential documents, the parties will meet and confer regarding Gap's confidentiality designations, but

1

[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION FOR AN ORDER UPHOLDING THEIR
CONFIDENTIALITY DESIGNATIONS UNDER THE PROTECTIVE ORDER
CASE NO. C 06-2584 CRB (EDL)

398282.01

1  only with respect to documents predating 2005 and constituting or mentioning communications
2  with Gabana, Roots, Al Turki, RSH or Solka.  The parties will schedule an in-person meeting to
3  seek to resolve informally any disputes concerning these identified documents.  If there are any
4  remaining disagreements following said meeting, the parties will agree on a briefing schedule to
5  raise these remaining issues with the Court.

6      3.  The parties will not bring any matter to the Court pursuant to the above paragraphs
7  without having a final telephone call where the party wishing to submit the matter to the Court
8  attempts one last meet and confer and then informs the other party that the meeting and
9  conferring is complete.

10     4.  Pending resolution of the above meet-and-confer efforts, and any subsequent motion
11 practice, the documents Gap designated as "Confidential" and "Highly Confidential" shall be
12 treated as such under the parties' stipulated protective order of November 28, 2006.

13     5.  Gap shall have seven (7) days from the entry of this order to identify those documents
14 that are the subject of Gabana's Miscellaneous Administrative Request to File Documents Under
15 Seal (docket no. 94), concerning exhibits V, W, X, BB, DD, EE, II, and KK—NN to the
16 Declaration of G. Steven Fender, for which Gap wishes to withdraw its confidentiality
17 designation.

19     **IT IS SO ORDERED.**

21 Date:   _July 5, 2007_____          _____
22                                              HONORABLE ELIZABETH D. LAPORTE
                                                 United States Magistrate Judge

*[Stamp: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Elizabeth D. Laporte]*

2
[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION FOR AN ORDER UPHOLDING THEIR
CONFIDENTIALITY DESIGNATIONS UNDER THE PROTECTIVE ORDER
CASE NO. C 06-2584 CRB (EDL)

398282.01