MARTIN R. GLICK (No. 40187)
Email: mglick@howardrice.com
SHAUDY DANAYE-ELMI (No. 242083)
Email: sdanaye-elmi@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
 FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:    415/434-1600
Facsimile:    415/217-5910

HAL K. LITCHFORD (*pro hac vice*)
Email: hkl@litchris.com
G. STEVEN FENDER (*pro hac vice*)
Email: gsf@litchris.com
KEITH E. ROUNSAVILLE (*pro hac vice*)
Email: ker@litchris.com
LITCHFORD & CHRISTOPHER
Professional Association
Bank of America Center
390 North Orange Avenue
Post Office Box 1549
Orlando, Florida  32802-1549
Telephone:    407/422-6600
Facsimile:    407/841-0325

Attorneys for Plaintiffs
GABANA GULF DISTRIBUTION, LTD., and
GABANA DISTRIBUTION, LTD.



# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GABANA GULF DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom, and GABANA DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom,<br><br>              Plaintiffs,<br>  v.<br>GAP INTERNATIONAL SALES, INC., a Delaware corporation, THE GAP, INC., a Delaware corporation, BANANA REPUBLIC, LLC, a Delaware limited liability company, and OLD NAVY, LLC, a Delaware limited liability company,<br><br>              Defendants. | No. C 06 2584 CRB (EDL)<br><br>Action Filed:  April 14, 2006<br><br>[JOINT PROPOSED] ORDER ON PLAINTIFFS' MOTION TO COMPEL<br><br>Date:       June 26, 2007<br>Time:      9:00 a.m.<br>Place:     Courtroom E, 15th Floor<br>Judge:    Hon. Elizabeth D. LaPorte<br><br>Trial Date:  December 3, 2007 |

On May 10, 2007, Plaintiffs Gabana Gulf Distribution, Ltd. and Gabana Distribution, Ltd. (collectively, "Gabana") brought a motion to compel Defendants Gap International Sales, Inc., The Gap, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively "Gap") to produce documents withheld by Gap on claims of privilege or work-product protection (Docket No. 70) ("Motion").  On June 26, 2007, the Court heard Gabana's motion, and GRANTED IN PART and DENIED IN PART the same, subject to the following provisions and the Court's statements on the record during the hearings.  At the hearing, the Court ordered the Parties to meet and confer and develop a protocol for resolving their dispute relating to the Motion, subject to guiding principles ordered by the Court, which included the following:

     1.    Electronic mail headers (i.e., author, recipient, date, and subject line information), shall be produced in unredacted form except where they themselves constitute privileged communications;

     2.    Communications to or from in-house attorneys are not subject to the attorney-client privilege when they are solely made for a business purpose and do not concern requests for or responses to requests for legal advice;

     3.    To the extent the Parties cannot work out their dispute on Gabana's Motion, the Court will review ~~a small set~~ **a maximum** of ~~approximately~~ ten documents of Gabana's choosing *in camera*, which process shall not constitute a waiver of Gap's privilege, if any. Following such *in camera* review, the documents may be deemed by the Court representative of other like documents, in a manner and to the extent determined by the Court, in light of the briefing by the Parties submitted in connection with the *in camera* review, or the Court shall advise the Parties how to apply its ruling on documents still the subject of dispute.  The Parties shall meet and confer on a briefing schedule in connection with the *in camera* review, which briefing will also address the representative issue.

With this guidance in mind, the Parties additionally agreed that the protocol for conducting the meeting and conferring relating to documents withheld by Gap as privileged is as follows:

1    4.  Gabana shall provide to Gap by letter a list of documents on which the parties
2 shall meet and confer;

3    (a)  Gabana will select documents by date range in sets roughly surrounding
4 three dates: the date on which the Parties first entered into their agreements; the date on
5 which the Parties renewed their agreement; and the date on which Gap gave its termination
6 notice.

7    (b)  Within Gabana's selected sets, the Parties will meet and confer to address
8 concerns of the nature raised in Gabana's moving papers on the Motion.

9    5.  The Parties will meet and confer in person **within** ten days after Gabana provides
10 Gap with the list of document sets described in paragraph 4.

11    6.  Should the Parties be unable to resolve their disputes after a good faith effort to
12 meet and confer, Gabana may, subject to paragraph 7, select ~~a small set~~ **up to a maximum**
13 of **ten** Gap documents for the Court to review *in camera* pursuant to paragraph 3, above.

14    7.  The parties will not bring any matter to the Court pursuant to the above
15 paragraphs without having a final telephone call where the party wishing to submit the
16 matter to the Court attempts one last meet and confer and then informs the other party that
17 the meeting and conferring is complete.

19    IT IS SO ORDERED.

20    Dated: __July 5, 2007_____

IT IS SO ORDERED
AS MODIFIED
Judge Elizabeth D. Laporte

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER ON PLTFS.' MOTION TO COMPEL    C 06 2584 CRB (EDL)