IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABANA GULF DISTRIBUTION, | No. C-06-02584 CRB (EDL) |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENTS** |
| v. | |
| GAP INTERNATIONAL SALES INC., | |
| Defendant. | |

On August 24, 2007, Gap filed a motion seeking to compel Gabana Gulf to return or destroy versions of privileged documents which Gap inadvertently produced in unredacted form. See Doc. No. 144. Gabana Gulf opposed the motion on September 11, 2007, and Gap replied on September 18, 2007. The Court finds that this motion is appropriate for a decision without a hearing. Accordingly, the Court vacates the October 2, 2007 hearing and grants in part and denies in part Defendant's motion to compel as follows.

**Background**

In October 2006, Gap produced to Gabana Gulf five copies of an identical email dated July 26, 2005, sent from one non-attorney Gap executive to another non-attorney Gap executive. See Darling Decl., ¶ 2. Gap redacted certain information in two copies of the email, but inadvertently produced three copies of the same email without complete redactions. Id. The parties dispute whether Gap may properly assert privilege over these documents, and have submitted the documents for the Court's determination.

Gap characterizes the email as discussing advice received from Gap attorneys regarding Gap's excess inventory and as reflecting an intent to seek legal advice on the same subject. Id.

1  The Court has reviewed the documents and agrees.  Gap may redact the first half of the
2  second full sentence (up to the comma) in the July 26, 2005 email at issue.  The first half of
3  this sentence reflects confidential communications with counsel.  See <u>Mitchell v. Superior</u>
4  <u>Court (Shell Oil Co.)</u>, 37 Cal. 3d 591, 601 (1984) (the attorney-client privilege applies to
5  communications made in confidence even when no litigation is threatened, and it makes no
6  difference that the communications relate to "factual information" as opposed to "legal advice.");
7  <u>Bank of the West v. Valley National Bank of Arizona</u>, 132 F.R.D. 250, 251 (N.D. Cal. 1990) (citing
8  Federal Rule of Evidence 501 for the proposition that California law governs questions of privilege
9  in diversity actions).  The first, second half of the second, third, fourth, sixth, seventh, and eighth
10 sentences of the email, as well as the greeting, closing, and headings, are not privileged.  The fifth
11 sentence of the email arguably reflects an intent to seek legal advice on the subject matter discussed
12 in the first half of the second full sentence.  Accordingly, because there is some authority holding
13 that communications between non-lawyers regarding an intent to seek legal advice may be
14 privileged, which Gabana Gulf does not dispute, Gap has properly asserted a claim of privilege over
15 the fifth sentence.  See <u>United States v. ChevronTexaco Corp.</u>, 241 F.Supp.2d 1065 (N.D. Cal.
16 2002).

17      Therefore, by September 28, 2007, Gabana Gulf is ordered to return or destroy all incorrectly
18 redacted versions of the July 26, 2005 email at issue.  Gap is ordered to replace the incorrectly
19 redacted versions of the email with versions redacted in accordance with this order.
20 **IT IS SO ORDERED.**

22 Dated: September 19, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge