| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | DARALYN J. DURIE - #169825 |
| 2 | CHRISTA M. ANDERSON - #184325 |
| | DANIEL JACKSON - #216091 |
| 3 | ROSE DARLING - #243893 |
| | 710 Sansome Street |
| 4 | San Francisco, CA 94111-1704 |
| | Telephone: (415) 391-5400 |
| 5 | Facsimile: (415) 397-7188 |
| 6 | Attorneys for Defendants |
| | GAP INTERNATIONAL SALES, INC., THE GAP, INC., |
| 7 | BANANA REPUBLIC, LLC, and OLD NAVY, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GABANA GULF DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom, and GABANA DISTRIBUTION, LTD., a company organized under the laws of the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>GAP INTERNATIONAL SALES, INC., a Delaware corporation, THE GAP, INC., a Delaware corporation, BANANA REPUBLIC, LLC, a Delaware limited liability company, and OLD NAVY, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. C 06 2584 CRB (EDL)<br><br>[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO INTERROGATORIES<br><br>Date: October 9, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte<br><br>Date Comp. Filed: April 14, 2006<br><br>Trial Date: December 3, 2007 |

[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND FURTHER RESPONSES TO INTERROGATORIES
CASE NO. C 06-2584 CRB (EDL)

404321.01

1  Defendants Gap International Sales, Inc., The Gap, Inc., Banana Republic, LLC, and Old Navy, LLC (collectively "Gap") brought a motion to compel production of documents and further responses to interrogatories, which came on for hearing on October 9, 2007. The Court having considered the parties' memoranda, the arguments of counsel, the record in this case, and with good cause appearing, hereby GRANTS IN PART and DENIES IN PART Gap's motion. Specifically:

1. Gap's motion to compel with respect to **Request No. 20** (documents relating to communications between Gabana and any person or entity identified in Gabana's initial disclosures relating to the person's or entity's willingness to appear at a deposition or trial in this matter) is denied.

2. With respect to Gap's **Request No. 21** (all documents relating to any audit of Gabana's financial statements), Gabana shall produce the auditor work files as soon as they are made available. If for any reason these documents are not produced, Gabana shall submit a declaration from a knowledgeable person explaining what efforts were made to search for and produce this material.

3. Gap's motion to compel with respect to **Request No. 22** (documents concerning any meetings occurring after January 1, 2005, between Gabana, on the one hand, and Roots, Al Turki, RSH and/or Blue Salon, on the other hand) is denied. Gabana is ordered to submit a declaration stating that Gabana's business dealings with Roots, Al Turki, RSH and/or Blue Salon related exclusively to the sale or distribution of Gap merchandise.

4. Gap's motion to compel with respect to **Request No. 23** (documents relating to any correction by Gabana of errors in letters of credit that it claims provided value to Gap) is granted in part. Gap and Gabana shall meet and confer to determine whether electronic searches of Gabana's records would be unduly burdensome for Gabana. If the parties are not able to resolve the issues related to this request through the meet-and-confer process, they may report to the Court on the results of the electronic searches and may seek additional relief from the Court as necessary.

5. Gap's motion to compel with respect to **Request No. 28** (documents submitted to

1  Credit Suisse relating to the issuance of letters of credit) is granted.

2       6.    Gabana shall supplement its response to Gap's Interrogatory No. 16 (seeking all
3  facts that support Gabana's contention, in response to Gap's Interrogatory No. 2, that about 40%
4  of the Excess Inventory that Gabana purchased from Gap in May 2003 was either "goldlined" or
5  damaged). In its initial response to Interrogatory No. 16, Gabana stated that this was
6  "communicated from Roots and acknowledged by Gap." Gabana shall include in its
7  supplemental response the names of all persons involved in the relevant communications, when
8  the communications occurred, and who at Gap acknowledged that any part of the Excess
9  Inventory was either "goldlined" or damaged, and who at Gap acknowledged that 40% of the
10 Excess Inventory was in such condition.

12 **IT IS SO ORDERED.**

14 Date:   October 18, 2007                    _____
15                                      HONORABLE ELIZABETH D. LAPORTE
                                     United States Magistrate Judge

404321.01

2
[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND FURTHER RESPONSES TO INTERROGATORIES
CASE NO. C 06-2584 CRB (EDL)