United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABANA GULF DISTRIBUTION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GAP INTERNATIONAL SALES INC.,<br><br>　　　　Defendant. | No. C 06-02584 CRB<br><br>**ORDER** |

On November 19, 2007, the Court denied plaintiff's motion for summary judgment on defendant's counterclaim for breach of contract because "[t]here are triable issues that must be decided by the jury, including whether Gabana breached the contract and whether Gap suffered damages thereby." Gabana moved for reconsideration, arguing that in light of a decision entered by the "High Court of Delhi at New Delhi" on November 6, 2007, Gap cannot claim damages – based on legal expenses it incurred in the India action – because Gap has now lost the India litigation. Because there is still a triable issue whether the legal costs that Gap incurred in seeking to stop sales of Gap goods resulting from Gabana's sub-distributor relations were: (1) proximately caused by Gabana's breach; and (2) reasonably within the contemplation of the parties at the time they entered into the 2004 ISP Agreement, the motion is DENIED. The hearing scheduled for Friday, December 14, 2007 is VACATED.

1    Gabana argues that summary judgment is appropriate because Gap did not suffer
2 damages as a result of any breach. But according to Gap, excess inventory sold to Gabana
3 ended up in countries like India in violation of the terms of the contract. Gap has adduced
4 evidence that it was forced to spend thousands of dollars in an effort to obtain an injunction
5 preventing the sale of those excess clothes in India. Under California law, Gap is entitled to
6 recover as damages any attorney's fees spent in the India litigation if: (1) such fees were
7 proximately caused by Gabana's breach; and (2) such damages "may reasonably be supposed
8 to have been within the contemplation of the parties to the contract at the time they entered
9 into the agreement." De La Hoya v. Slim's Gun Shop, 80 Cal. App. 3d Supp. 6, 10 (1978);
10 see also Cal. Civ. Code § 3300.

11    Gabana asserts that Gap cannot claim legal expenses it incurred in the India litigation
12 "because Gap lost that litigation." Gabana's Motion at 3. Even though Gap may have lost a
13 portion of the India litigation – the portion directed against Indian retailers – a jury could still
14 reasonably conclude that the costs of such litigation were proximately caused by Gabana's
15 conduct. After all, even if Gap's litigation efforts in India are ultimately unsuccessful,
16 recovery of attorney's fees may still be appropriate if the litigation was "proper." Ninth Ave.
17 & Forty-Second St. Corp. v. Zimmerman, 217 A.D. 498, 500 (N.Y. App. Div. 1926). Based
18 on the facts in the record, reasonable jurors could disagree over whether the India litigation
19 was proper.

20    Gabana also argues that summary judgment is appropriate because it cannot be said
21 that it was within Gabana's reasonable contemplation when it entered into the ISP
22 Agreement that it would bear the cost of unsuccessful foreign litigation by Gap against third
23 parties. See Gabana's Motion at 4. Gap is not required to show that the parties actually
24 contemplated the very consequence that occurred, but merely that foreign litigation against
25 third parties was a consequence "such as the parties may be reasonably supposed, in the light
26 of all the facts known, or which should have been known to them, to have considered as
27 likely to follow in the ordinary course of things, from a breach." Ely v. Bottini, 179 Cal. App.
28 2d 287, 294 (1960) (citations omitted). Generally, whether particular damages were within the

2

reasonable contemplation of the parties is a question for the jury.  See De La Hoya, 80 Cal. App. 3d at 11.  Just so here, a reasonable juror could conclude that foreign litigation would follow in the ordinary course of things as a result of Gabana's sale of Gap clothing to unauthorized and illegal sub-distributors.  Accordingly, summary judgment cannot be awarded to Gabana, and the motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated:  December 10, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE